J-S21030-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| SHAWN POINDEXTER | : | |
| Appellant | : | No. 1805 EDA 2024 |

Appeal from the PCRA Order Entered June 13, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004699-2012

BEFORE:   KUNSELMAN, J., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY KING, J.:                    **FILED JULY 18, 2025**

Appellant, Shawn Poindexter, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which denied as untimely his first petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In its opinion, the PCRA court set forth the relevant facts of this case as follows:

> On January 23, 2012, at approximately 7:41 p.m., [Appellant] walked into a store located at 3300 North Mutter Street in Philadelphia and killed [Victim], who was working as a cashier.  [Appellant] shot [Victim] multiple times, striking her seven times in the chest, hands, and arms.  The cause of death was multiple gunshot wounds to the chest and the manner of death was ruled a homicide.
>
> The incident was witnessed by another employee of the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

store, Tomas Matias, who reported that a male entered the store wearing gloves, a mask, and a hoodie. The witness could not positively identify [Appellant], but reported that he heard at least four gunshots fired and remembered seeing a silver semiautomatic gun.

Another witness, Nydia Beltran, reported that she was present when [Appellant] made plans with Eliana Vasquez ("Vasquez"), Raymond Soto ("Soto"), and Jorge Aldea ("Aldea") to carry out the murder and observed [Appellant] with a silver handgun. Ms. Beltran overheard conversations between Vasquez, Soto, and Aldea regarding having [Victim] killed, hiring [Appellant], nicknamed "Bang," to carry out the act, providing him with the silver gun, and complaining that the shooting was supposed to be made to look like a robbery, but it was not, thus angering the other co-conspirators. [Appellant] explained that he was "hyped up" and stressed out and just did the shooting quickly.

Four 9mm fired cartridge casings ("FCCs") were recovered from the scene and two projectiles were recovered from [Victim's] body. Ballistics reports confirmed that the FCCs were fired from the same handgun.

(PCRA Court Opinion, filed 6/13/24, at 2-3) (internal footnote omitted).

Procedurally, Appellant entered a guilty plea on June 23, 2015, to third-degree murder and conspiracy to commit same. The court sentenced Appellant to 20 to 40 years' imprisonment for third-degree murder and imposed a consecutive 5 to 40 years' imprisonment for conspiracy. Thus, Appellant's aggregate sentence was 25 to 80 years' imprisonment. Appellant did not file a direct appeal.

On December 11, 2023, Appellant filed the current PCRA petition *pro se*. The court appointed counsel, who subsequently filed a no-merit letter and request to withdraw. On May 2, 2024, the PCRA court issued notice of its

intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907. Appellant did not file a response to the notice. Instead, Appellant filed a premature notice of appeal on June 12, 2024, before the court had formally denied PCRA relief. On June 13, 2024, the court denied PCRA relief and let PCRA counsel withdraw.[2]

Appellant raises the following issue for our review:

> Did the [PCRA] court err in denying Appellant's [PCRA] petition regarding the timeliness of his illegal sentence claim.

(Appellant's Brief at 2).

Appellant argues that his sentence is illegal because the convictions of third-degree murder and conspiracy to commit same should have merged for purposes of sentencing. Appellant asserts that "his plea of guilty was unlawfully induced where the circumstances make it likely that the inducement caused [Appellant] to plead guilty and [Appellant] is innocent." (*Id.* at 6-7). Appellant attempts to invoke the newly-discovered facts exception to the PCRA's time-bar, claiming that the facts upon which his claim is based were unknown to Appellant and could not have been discovered sooner with the exercise of due diligence. Appellant also vaguely alleges that plea counsel was ineffective for failing to object to the alleged illegal sentence.

---

[2] Appellant's premature notice of appeal relates forward to June 13, 2024. *See* Pa.R.A.P. 905(a)(5) (stating that notice of appeal filed after announcement of determination but before entry of appealable order shall be treated as filed after such entry and on day thereof).

Appellant concludes the PCRA court erred by dismissing his petition as untimely, and this Court must grant relief. We disagree.

The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Turner*, 73 A.3d 1283 (Pa.Super. 2013), *appeal denied*, 625 Pa. 649, 91 A.3d 162 (2014). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is "final" at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3).

To obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions:

> (i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Notably, while issues relating to the legality of a sentence are subject to review under the PCRA, such claims must first satisfy the PCRA's time limits or meet one of its exceptions. *Commonwealth*

*v. Fahy*, 558 Pa. 313, 737 A.2d 214 (1999).

Instantly, the court sentenced Appellant on June 23, 2015. Appellant did not file a direct appeal. Thus, his judgment of sentence became final on July 23, 2015, and Appellant had one year from that date to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1), (3). *See also* Pa.R.A.P. 903(a) (providing 30 days to file notice of appeal from judgment of sentence in Superior Court). Appellant filed the current *pro se* PCRA petition on December 11, 2023, which is patently untimely.

Appellant now attempts to invoke the "newly-discovered facts" exception, seeming to claim that his alleged illegal sentence is a "new fact" that he could not have discovered sooner with the exercise of due diligence. Nevertheless, Appellant was aware of the sentence imposed on June 23, 2015. Thus, we cannot agree with Appellant that the claim underlying his PCRA petition satisfies the PCRA time-bar exception. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii). To the extent Appellant also attempts to invoke the governmental interference exception by relying on plea counsel's alleged ineffectiveness, this claim also fails to satisfy the exception. *See* 42 Pa.C.S.A. § 9545(b)(4) (stating "government officials" do not include defense counsel for purposes of this subchapter). *See also Commonwealth v. Fowler*, 930 A.2d 586 (Pa.Super. 2007) (explaining that allegations of ineffectiveness of counsel will not overcome jurisdictional timeliness requirements of PCRA). Thus, Appellant's petition remains time-barred and the PCRA court properly

denied relief.[3]  Accordingly, we affirm.

Order affirmed.


Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary


Date: 7/18/2025

_____

[3] Moreover, the PCRA court properly explained that the sentence imposed was not illegal, as Appellant's convictions for third-degree murder and conspiracy to commit same do not merge for purposes of sentencing.  (*See* PCRA Court Opinion at 5-6) (explaining that merger is inappropriate in this case because elements of third-degree murder—that Appellant killed another with malice aforethought—are distinct from elements of conspiracy—that Appellant entered into agreement to commit or aid in intentional, malicious attack, with shared criminal intent, and overt act was done in furtherance of conspiracy; because crime of third-degree murder does not require proof of agreement with another person to commit crime, and crime of conspiracy does not require proof that human being was unlawfully killed, these crimes do not merge for sentencing).  *See also Commonwealth v. Chambers*, No. 1187 EDA 2019 (Pa.Super. filed July 29, 2020) (unpublished memorandum) (stating that crime of criminal conspiracy does not merge with completed offense which was object of conspiracy); Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions of this Court filed after May 1, 2019 for persuasive value).